**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS**

| | |
|---|---|
| SUSAN CIESLA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FRED'S INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA, and GEORGE R. FAIRWEATHER,<br><br>Defendants. | Case No. 2:19-cv-02415-SHL-dkv<br><br>**LEAD PLAINTIFF MOVANTS' NOTICE TO COURT OF BANKRUPTCY PETITION AFFECTING CLAIMS AGAINST FRED'S, INC.**<br><br>**JURY DEMAND** |

Lead Plaintiff Movants Gary Fielder, Susan Ciesla, and Herbert Ciesla ("Movants"), individually and on behalf of all other persons similarly situated, by their undersigned attorneys, and by this notice, hereby inform the Court that a petition for bankruptcy protection under Chapter 11 has been filed in the United States Bankruptcy Court for the District of Delaware by Fred's, Inc., one of the corporate defendants in this action, a copy of which is attached hereto as Exhibit A. Movants understand that the filing of this petition automatically stays the claims against Fred's Inc., but only claims against that defendant.

None of the individual defendants or the other corporate defendant, Defendant Walgreens Boots Alliance, Inc., have filed for bankruptcy. Accordingly, all of the claims against them remain, as "[N]on-bankrupt co-defendant[s]" are "not covered" by the automatic stay. *Thompson v. Chautauqua Airlines, Inc.*, No. 3:04-0811, 2005 WL 3216303, *1 n.1 (M.D. Tenn. Nov. 28, 2005); *see also Ventimiglia v. Wells Fargo Bank, N.A.*, No. CIV. 2:13-00953 WBS, 2013 WL 3367330, *1 n.1 (E.D.Cal. July 5, 2013 ("In the absence of special circumstances, stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants."); *Manson v. Friedburg*, No. 08 Civ. 3890(RO), 2013 WL 2896971, *4 (S.D.N.Y. June 13, 2013) ("Furthermore, by the plain language of the bankruptcy code, an automatic stay only applies to a 'proceeding against the debtor.' § 362(a)(1). As such, the automatic stay provisions do not apply to proceedings against non-bankrupt co-defendants absent unusual circumstances …."). Accordingly, the claims against the non-bankrupt individual and corporate defendants are not affected by Fred's, Inc.'s bankruptcy petition. *See, e.g., Blitz v. AgFeed, Inc., et al.,* No. 3:11-cv-00992 (M.D. Tenn.) (docket sheet attached as Exhibit B, indicating claims in federal securities fraud class action continued as against non-bankrupt defendants following bankruptcy of principal corporate defendant noted in Dkt. No. 159).

Dated: September 10, 2019

Respectfully Submitted,

*/s/ Al Holifield*
HOLIFIELD JANICH & FERRERA, PLLC
Al Holifield (BPR# 015494)
Sarah R. Johnson (BPR# 030781)
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
T: (865) 566-0115
E: aholifield@hapc-law.com

POMERANTZ LLP
Patrick V. Dahlstrom
Joshua B. Silverman
Jared M. Schneider
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
T: (312) 377-1181
E: pdahlstrom@pomlaw.com
   jbsilverman@pomlaw.com
   jschneider@pomlaw.com
***Attorneys for Lead Plaintiff Movants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served electronically upon all parties and/or counsel listed through the Court's ECF system on this September 10, 2019.

**HOLIFIELD JANICH & FERRERA, PLLC**

*/s/ Al Holifield.*
Al Holifield, Esq.

3