IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THEODORE J. ZALLER, Individually and on Behalf of All Others Similarly Situated,[1] | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:19-cv-02415-SHL-dkv |
| FRED'S, INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA and GEORGE R. FAIRWEATHER, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION OF GARY FIELDER, SUSAN CIESLA, AND HERBERT CIESLA TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL, GRANTING UNOPPOSED RENEWED MOTION FOR CONTINUANCE OF THE SCHEDULING CONFERENCE AND RELATED DEADLINES AND STAYING MATTER ONLY AS TO DEFENDANT FRED'S INC.**

Before the Court are competing motions of Plaintiff Theodore J. Zaller (ECF No. 26) and Gary Fielder, Susan Ciesla and Herbert Ciesla ("Movant Plaintiffs"), seeking lead plaintiff and counsel appointment (ECF No. 23), both filed August 27, 2019; Mr. Zaller's notice of withdrawal of his motion seeking lead plaintiff and counsel appointment (ECF No. 34), filed September 9, 2019; and Defendants Walgreens Boot Alliance, Inc., Stefano Pessina and George R. Fairweather's ("WBA Defendants") motion seeking continuance of the September 20, 2019 Scheduling Conference and accompanying deadlines (ECF No. 37), filed September 11, 2019. For the following reasons, the Court **GRANTS** Movant Plaintiffs' motion and **GRANTS** WBA Defendants' motion. The Court also addresses the Suggestion of Bankruptcy filed by Defendant Fred's Inc. (ECF No. 36) and related filing by Movant Plaintiffs (ECF No. 35.)

---

[1] This action has not yet been certified as a class action.

1

This matter is a proposed class action involving allegations that Defendants violated the Securities Exchange Act of 1934 and SEC Rule 10b-5.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth procedures for appointing a lead plaintiff and lead counsel in securities class actions.  See 15 U.S.C. § 78u-4.  The PSLRA provides that, within twenty (20) days of filing a putative securities class action, a plaintiff must circulate nationally a notice of the pending action and the alleged claims and class period.  15 U.S.C. § 78u-4(a)(3)(A)(i)(I).  Within sixty (60) days after publishing such a notice, the PSLRA provides that any purported class plaintiff may move to serve as lead plaintiff in the case.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Where there are multiple competing motions to serve as lead plaintiff, the Court must evaluate the motions and appoint a lead plaintiff under a "most adequate plaintiff" standard within ninety (90) days of the plaintiff's publication of the statutory notice of the action.  15 U.S.C. § 78u-4(a)(3)(B)(i).  There is a rebuttable presumption that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 78u-4(a)(3)(B)(iii).

Here, Mr. Zaller published the required statutory notice on June 28, 2019, making August 27, 2019, the deadline for lead plaintiff motions.  On August 27, 2019, competing motions were filed by Mr. Zaller (ECF No. 23) and Movant Plaintiffs (ECF No. 26) seeking lead plaintiff appointment.  However, after reviewing the competing motion, Mr. Zaller withdrew his motion seeking lead plaintiff appointment on September 9, 2019.  (ECF No. 34.)  Now, the Movant Plaintiffs' pending motion seeking lead plaintiff appointment is the only one remaining.  As Movant Plaintiffs are the only purported class plaintiff seeking lead plaintiff appointment and

having filed a motion in response to the published notice, the Court adopts the presumption that the most adequate plaintiffs are Movant Plaintiffs and **GRANTS** Movant Plaintiffs' motion seeking lead plaintiff appointment and selecting Pomerantz LLP as lead counsel for the purported class.

Also before the Court is WBA Defendants' motion to continue the September 20, 2019 Scheduling Conference and related deadlines.  (ECF No. 37)  In support of their motion, WBA Defendants state that they anticipate the filing of an amended complaint by Movant Plaintiffs, and that they intend to file motions to dismiss.  (Id.)  WBA Defendants aver that because PSLRA directs courts to stay discovery during the pendency of any motion to dismiss, 15 U.S.C. § 78u-4(b)(3)(B), the upcoming Scheduling Conference is premature.  (ECF No. 37.)  The Movant Plaintiffs do not oppose the motion.  (Id.)

The Court finds the motion well-taken and it is **GRANTED**.  Defendants need not answer or otherwise respond to the Complaint until further order of the Court.  Within seven (7) days of this Order, the Parties shall submit (via the ECF mailbox) a proposed schedule for the potential filing of an amended complaint and Defendants' deadline to answer, move, or otherwise respond to that complaint.  The Court will evaluate that schedule to determine whether it is appropriate, and will enter an initial scheduling order.

Finally, the Court recognizes that Defendant Fred's Inc.'s ("Fred's") filing of a Chapter 11 Bankruptcy Petition operates as a stay of the claims against Fred's.  (ECF Nos. 35-1, 36.)  Indeed, Fred's filing of the Voluntary Petition for bankruptcy stays the commencement or continuation of all judicial, administrative, or other actions or proceedings against Fred's that were or could have been commenced before the commencement of the bankruptcy action or to recover any claims against Fred's that arose before the commencement of the bankruptcy

proceeding.  See 11 U.S.C. § 362(a)(1).  While the claims against Fred's are automatically stayed, claims against the other Defendants will proceed.

    **IT IS SO ORDERED,** this 13th day of September, 2019.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              UNITED STATES DISTRICT JUDGE