**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| THEODORE J. ZALLER, Individually and on Behalf of All Others Similarly Situated,[1] | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:19-cv-02415-SHL-atc |
| FRED'S, INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA and GEORGE R. FAIRWEATHER, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER TO CLARIFY THE STATUS OF DEFENDANT GEORGE R. FAIRWEATHER**

Plaintiffs filed a Complaint in which they brought claims against individual and corporate Defendants, including Fred's Inc. and Walgreens Boots Alliance, Inc. ("Walgreens"), and select individual employees from each company. In the Complaint, Plaintiffs named Stefano Pessina, and George R. Fairweather as the "Walgreens Individual Defendants," and grouped Messrs. Pessina and Fairweather together with Walgreens as the "Walgreens Defendants." (ECF No. 1 at PageID 6, 7.) Plaintiffs subsequently filed an Amended Complaint in which they named only Mr. Pessina as a Walgreens Individual Defendant and omitted Mr. Fairweather from the case caption and the body of the Complaint, recasting the "Walgreens Defendants" as Walgreens and Mr. Pessina. (ECF No. 52). However, Plaintiffs never moved to dismiss Mr. Fairweather.

Since the filing of the Amended Complaint, no substantive motion has been brought by the Walgreens Defendants on Mr. Fairweather's behalf, including the Walgreens Defendants' Motion to Dismiss. (See ECF No. 58 at PageID 900 ("Defendants Walgreens Boots Alliance,

---

[1] This action has not yet been certified as a class action.

Inc. ("Walgreens" or the "Company") and Stefano Pessina (collectively the "Walgreens

Defendants") respectfully submit this memorandum of law . . . .").)   However, the Walgreens

Defendants have filed multiple non-substantive or administrative motions and appearances on

behalf of Mr. Fairweather, in tandem with the Walgreens Defendants.  (See ECF Nos. 53, 66,

72.)

Given the Amended Complaint and the Walgreens Defendants' Motion to Dismiss, the

Court assumes that Plaintiffs intended for Mr. Fairweather to have been dismissed from the case,

despite not moving for his dismissal.  Thus, the Parties are **ORDERED** to **MOVE TO**

**DISMISS** Mr. Fairweather or otherwise **FILE A RESPONSE** on the docket explaining Mr.

Fairweather's status in the case within **5 days** of the entry of this Order.

**IT IS SO ORDERED**, this 1st day of April, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE