IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| THEODORE K. ZALLER, Individually and on Behalf of All Others Similarly Situated, <br><br>     Plaintiff, <br><br> v. <br><br> FRED'S INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC. and STEFANO PESSINA, <br><br>     Defendants. | Case No. 2:19-cv-02415-SHL-atc <br><br> **JURY TRIAL DEMANDED** <br><br> Hon. Sheryl H. Lipman |

**ANSWER OF DEFENDANT MICHAEL K. BLOOM TO PLAINTIFFS'
AMENDED CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendant Michael K. Bloom ("Mr. Bloom"), by and through his undersigned counsel, respectfully submits this Answer and affirmative defenses to Plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 52) (the "Amended Complaint").

In its March 31, 2021 Order (ECF No. 73) (the "Order"), the Court granted in part and denied in part Mr. Bloom's Motion to Dismiss. To the extent the allegations in the Amended Complaint pertain to the dismissed claims against Mr. Bloom, no response is required. To the extent not expressly admitted, all allegations in the Amended Complaint are denied. To the extent Mr. Bloom uses headings and terms that are defined in the Amended Complaint, that use is not an acknowledgement or admission of any characterization that Plaintiff may ascribe to the headings or defined term(s). Mr. Bloom denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought in the Prayer for Relief on page 50 of the Amended Complaint. Mr.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    1

Bloom expressly reserves the right to amend, supplement, and/or revise this Answer as may be necessary.

Mr. Bloom responds to the enumerated Paragraphs of the Amended Complaint as follows:

**NATURE OF THE ACTION**

1.      To the extent the allegations in Paragraph 1 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom admits that Plaintiffs purport to bring this action described in Paragraph 1, but specifically denies that the action has any merit. Mr. Bloom further admits that this action is stayed as to Fred's Inc. ("Fred's") as described in Footnote 1 of the Amended Complaint.  Mr. Bloom denies the remaining allegations in this Paragraph and accompanying footnote.

2.      To the extent the allegations in Paragraph 2 are intended to be a complete and comprehensive description of the business of Fred's, Mr. Bloom denies the allegations.  Mr. Bloom admits that in 2016, Fred's operated approximately 648 discount general merchandise stores, 370 of which also contained pharmacies.  Mr. Bloom further admits that in 2016, 85% of Fred's stores were in rural areas.  To the extent the allegations in Paragraph 2 purport to describe Fred's disclosed mission, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom denies all remaining allegations in this Paragraph.

3.      Mr. Bloom admits that Fred's reported net losses since the first quarter of 2014. Mr. Bloom denies the remaining allegations in this Paragraph.

4.      No response is required to Paragraph 4 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to Fred's alleged statement regarding a "transformative event."  To the extent the remaining allegations in Paragraph 4 purport to describe Fred's December 20, 2016 press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**      2

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, denies such allegations.

5.      Mr. Bloom admits that the price of Fred's shares increased by approximately 81% from December 19, 2016 to December 20, 2016, but denies any implication as to causation of this share price change.  Mr. Bloom admits that purchasing several hundred stores would have made Fred's a pharmacy chain with a national footprint.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies such allegations.

6.      To the extent the allegations in Paragraph 6 call for legal conclusions, Mr. Bloom need not respond.  To the extent the allegations in Paragraph 6 purport to describe the referenced statement of the Bureau of Competition of the Federal Trade Commission, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom further admits that the FTC needed to approve the transactions, including Walgreens' selection of Fred's as the divestiture buyer.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies such allegations.

7.      To the extent the allegations in Paragraph 7 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom admits that the divestiture to Fred's could not occur unless approved by the FTC.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to the priorities of individual investors and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

8.      To the extent the allegations in Paragraph 8 purport to describe Rite Aid's March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**     3

any allegations inconsistent therewith.  Mr. Bloom admits that Fred's shares dropped $3.65 over the next five trading sessions from a close of $18.32 on March 2, 2017 to close at $14.67 on March 9, 2017, but denies any implication as to causation of this share price change.  Mr. Bloom denies the remaining allegations in this Paragraph.

9.       No response is required to the alleged statements in Paragraph 9 by virtue of the Order granting the Walgreens Defendants' Motion to Dismiss and Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement, which is contained in an April 6, 2017 earnings release, not a conference call as alleged in Paragraph 9.  To the extent a response is required, and to the extent the allegations in Paragraph 9 purport to describe a recording of Walgreens' April 5, 2017 conference call or Fred's April 6, 2017 conference call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  To the extent a response is required, and to the extent the allegations in Paragraph 9 purport to describe Fred's April 6, 2017 earnings release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom admits that Fred's share price closed at $12.55 on April 5, 2017. Mr. Bloom denies the remaining allegations in this Paragraph.

10.      To the extent the allegations in Paragraph 10 purport to describe the June 6, 2017 earnings call or press release, Mr. Bloom states that each speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom admits that Fred's shares declined $2.62 over the next five trading sessions from a close of $13.60 on June 5, 2017 to close at $10.98 on June 12, 2017, but denies any implication as to causation of this share price change.  Mr. Bloom denies the remaining allegations in this Paragraph.

11.      Mr. Bloom admits that on June 28, 2017, Walgreens and Rite Aid announced that they had terminated their original Merger deal and the Asset Purchase Agreement with Fred's, and

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**      4

instead would structure a deal whereby Walgreens would purchase around half of Rite Aid's current stores. To the extent the allegations in Paragraph 11 purport to describe Rite Aid's June 28, 2017 press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

12. Mr. Bloom admits that Fred's share price declined by $2.81 to close at $9.51 on June 29, 2017, and continued to decline $3.11 over the next four trading sessions, but denies any implication as to causation of these share price changes. Mr. Bloom denies the remaining allegations in this Paragraph.

13. To the extent the allegations in Paragraph 13 call for legal conclusions, Mr. Bloom need not respond. Mr. Bloom denies the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

14. Mr. Bloom admits that Plaintiffs purport to bring the claims described in Paragraph 14, but specifically denies that the claims have any merit.

15. Mr. Bloom does not dispute jurisdiction in this Court.

16. To the extent the allegations in Paragraph 16 call for legal conclusions, Mr. Bloom need not respond. To the extent a response is required, Mr. Bloom does not dispute venue in this case. Mr. Bloom denies the remaining allegations in this Paragraph.

17. To the extent the allegations in Paragraph 17 call for legal conclusions, Mr. Bloom need not respond. To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

**PARTIES**

18.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 related to Plaintiffs' securities purchases and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

19.    Mr. Bloom admits that Fred's is a Tennessee corporation.  Mr. Bloom admits that during the Class Period, Fred's operated a chain of discount general merchandise stores, some of which had pharmacies, and traded on the NASDAQ under the ticker "FRED."  Mr. Bloom admits that Fred's principal place of business was previously at 4300 New Getwell Road, Memphis, Tennessee, 38118.

20.    Mr. Bloom admits that on August 29, 2016, Fred's appointed Mr. Bloom to serve as the Company's CEO.  Mr. Bloom admits that on March 7, 2017, Mr. Bloom joined Fred's Board of Directors.  Mr. Bloom admits that he participated in Fred's conference calls and was identified as a source of information in some press releases.  Mr. Bloom admits that on April 24, 2018, he resigned as Fred's CEO and from its Board of Directors.  Mr. Bloom denies all allegations not specifically admitted in this Paragraph.

21.    No response is required to the allegations in Paragraph 21 by virtue of the Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies such allegations.

22.    No response is required to the allegations in Paragraph 22 by virtue of the Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies such allegations.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    6

23. Mr. Bloom admits that at times Plaintiffs collectively referred to Defendant Pessina and Mr. Bloom as the "Individual Defendants" in the Amended Complaint.

24. Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies such allegations.

## SUBSTANTIVE ALLEGATIONS

25. To the extent the allegations in Paragraph 25 call for legal conclusions, Mr. Bloom need not respond. To the extent the allegations in Paragraph 25 purport to describe the Clayton Act, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

26. To the extent the allegations in Paragraph 26 call for legal conclusions, Mr. Bloom need not respond. To the extent the allegations in Paragraph 26 purport to describe the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

27. To the extent the allegations in Paragraph 27 call for legal conclusions, Mr. Bloom need not respond. To the extent a response is required, Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies such allegations.

28. To the extent the allegations in Paragraph 28 purport to describe the referenced Hart-Scott-Rodino report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies such allegations.

29.     To the extent the allegations in Paragraph 29 purport to describe the referenced statement of the Bureau of Competition of the Federal Trade Commission, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, denies such allegations.

30.     To the extent the allegations in Paragraph 30 purport to describe the referenced statement of the Bureau of Competition of the Federal Trade Commission, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

31.     To the extent the allegations in Paragraph 31 purport to describe the referenced statement of the Bureau of Competition of the Federal Trade Commission or the FTC's frequently asked questions website, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

32.     To the extent the allegations in Paragraph 32 purport to describe the referenced Bloomberg article or FTC press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies such allegations.

33.     Mr. Bloom admits that Fred's went public in 1992.  Mr. Bloom admits that Fred's built a chain of stores branded as "Fred's Super Dollar," among other things, in the Southeastern United States.  Mr. Bloom admits that most of Fred's stores were located in rural markets with populations of fewer than 15,000.  Mr. Bloom admits that before the Class Period, Fred's operated

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**     8

approximately 648 discount general merchandise stores, of which 370 contained pharmacies. To the extent the allegations in Paragraph 33 purport to describe Fred's December 8, 2016 Form 10-Q, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

34.    Mr. Bloom admits that for the 39-week period ended October 29, 2016, Fred's reported revenue of approximately $1.596 billion and a net loss of approximately $44.07 million. Mr. Bloom denies the remaining allegations in this Paragraph.

35.    Mr. Bloom admits that Fred's reported annual net losses after February 1, 2014. As to the data points included in the table in this Paragraph, Mr. Bloom denies that Fred's reported an annual profit of $29,629,000 on January 1, 2013. Mr. Bloom admits that Fred's reported net income of approximately $26,015,000 as of February 1, 2014; net loss of approximately $28,904,000 as of January 31, 2015; and net loss of $7,371,000 as of January 30, 2016. Mr. Bloom denies the allegations in the chart in Paragraph 35 regarding annual profits as of October 29, 2016. Mr. Bloom denies the remaining allegations in this Paragraph.

36.    Mr. Bloom admits that Fred's began to grow its pharmacy operations in 2015. Mr. Bloom admits that Fred's hired him and that he is a former CVS executive. Mr. Bloom denies the remaining allegations in this Paragraph.

37.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 regarding statements made by the unnamed "CW1" and, therefore, denies such allegations. Mr. Bloom denies the remaining allegations in this Paragraph.

38.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 regarding statements made by the unnamed "CW1" and, therefore, denies such allegations. Mr. Bloom denies the remaining allegations in this Paragraph.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    9

39.     Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 regarding statements made by the unnamed "CW2" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

40.     To the extent the allegations in Paragraph 40 purport to describe the referenced Bloomberg article, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, therefore, denies such allegations.

41.     To the extent the allegations in Paragraph 41 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and, therefore, denies such allegations.

42.     To the extent the allegations in Paragraph 42 purport to describe the Merger Agreement, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, therefore, denies such allegations.

43.     To the extent the allegations in Paragraph 43 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, therefore, denies such allegations.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    10

44.     Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies such allegations.

45.     To the extent the allegations in Paragraph 45 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom admits that Walgreens solicited bids from companies interested in purchasing the Rite Aid locations it proposed to divest, and that Fred's submitted a bid.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies such allegations.

46.      Mr. Bloom admits that Walgreens and Rite Aid had meetings with Fred's in October and early November 2016, which included due diligence and negotiations.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, denies such allegations.

47.     To the extent the allegations in Paragraph 47 purport to describe the referenced Bloomberg article, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and, therefore, denies such allegations.

48.     To the extent the allegations in Paragraph 48 purport to describe the referenced Barclays report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

49.     Mr. Bloom admits the allegations in Paragraph 49.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    11

50.    To the extent the allegations in Paragraph 50 purport to describe the referenced Deutsche Bank analyst report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

51.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies such allegations.

52.    Mr. Bloom admits that representatives of Fred's met with and made presentations to the FTC in November 2016.  To the extent the allegations in Paragraph 52 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, therefore, denies such allegations.

53.    Mr. Bloom admits that if Fred's had purchased more than 800 stores, it would have more than tripled Fred's pharmacy base.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 regarding statements made by the unnamed "CW1" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

54.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 regarding statements made by the unnamed "CW3" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

55.    Mr. Bloom admits that representatives of Fred's met with the FTC in November 2016.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    12

allegations in Paragraph 55 regarding statements made by the unnamed "CW3" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

56.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 regarding statements made by the unnamed "CW4" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

57.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 regarding statements made by the unnamed "CW4" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

58.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 regarding statements made by the unnamed "CW5" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

59.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 regarding statements made by the unnamed "CW1" and "CW3" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

60.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 regarding statements made by the unnamed "CW1" and "CW2" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

61.  Mr. Bloom admits that Fred's met with the FTC in November 2016.  Mr. Bloom admits that in November and early December 2016, Walgreens and Fred's conducted additional meetings and negotiations.  Mr. Bloom admits that on December 2, 2016, Walgreens, Rite Aid, and Fred's (including Mr. Bloom) met with the FTC.  Mr. Bloom admits that counsel for Fred's and

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**   13

consultants attended the meeting, but denies any implication as to their attendance. To the extent the allegations in Paragraph 61 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

62.     Mr. Bloom denies the allegations in Paragraph 62.

63.     Mr. Bloom admits that Walgreens, Rite Aid, and Fred's entered into the Asset Purchase Agreement on December 19, 2016. To the extent the allegations in Paragraph 63 purport to describe the Asset Purchase Agreement, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

64.     No response is required to Paragraph 64 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement. To the extent a response is required, and to the extent the allegations in Paragraph 64 purport to describe the December 20, 2016 press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

65.     No response is required to Paragraph 65 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement. To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

66.     No response is required to Paragraph 66 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss. To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    14

67.     No response is required to Paragraph 67 to the extent the allegations relate to Paragraphs 64–66 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss and granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom admits that the price of Fred's shares increased by approximately 81% from close on December 19, 2016 to close on December 20, 2016, but denies any implication as to causation of the increase in share price.

68.     No response is required to Paragraph 68 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, and to the extent the allegations in Paragraph 68 purport to describe the recording of the Walgreens' January 5, 2017 earnings call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

69.     No response is required to Paragraph 69 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

70.     To the extent the allegations in Paragraph 70 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 and, therefore, denies such allegations.

71.     Mr. Bloom admits that the FTC met with Fred's representatives in January 2017. Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and, therefore, denies such allegations.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    15

72.     To the extent the allegations in Paragraph 72 purport to describe the referenced Bloomberg article, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.   Mr. Bloom denies the remaining allegations in this Paragraph.

73.     Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies such allegations.

74.     To the extent the allegations in Paragraph 74 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, therefore, denies such allegations.

75.     Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 regarding statements made by the unnamed "CW3" and, therefore, denies such allegations.  To the extent the allegations in Paragraph 75 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

76.     No response is required to Paragraph 76 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, and to the extent the allegations in Paragraph 76 purport to describe Walgreens' January 30, 2017 press release, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**   16

77.      No response is required to Paragraph 77 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

78.      No response is required to the alleged misstatement in subpart (B) of Paragraph 78 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent the remaining allegations in subparts (A) and (C) of Paragraph 78 purport to describe the January 30, 2017 Fred's press release, Mr. Bloom states that the press release speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

79.      No response is required with respect to the alleged misstatement in Paragraph 79 referencing subpart (B) of Paragraph 78 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent the remaining allegations in Paragraph 79 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

80.      To the extent the allegations in Paragraph 80 purport to describe the referenced Bloomberg report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

81.      To the extent the allegations in Paragraph 81 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in Paragraph 81.

82.      To the extent the allegations in Paragraph 82 purport to describe the referenced Bloomberg article or activist investor letter, Mr. Bloom states that it speaks for itself, should be

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    17

read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom admits that Fred's share price declined 11% on March 3, 2017, to close at $16.30.  Mr. Bloom further admits that Fred's share price declined to close on March 9, 2017 at $14.67 from its close of $15.45 on March 7, 2017.  Mr. Bloom further admits that from the close on March 2, 2017 to the close on March 9, 2017 Fred's share price declined approximately 19.9%.  Mr. Bloom denies any implication as to causation of these share price changes.  Mr. Bloom denies the remaining allegations in this Paragraph.

83.    To the extent the allegations in Paragraph 83 purport to describe the March 2017 Merger Proxy, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

84.    Mr. Bloom admits that on March 14, 2017, representatives of Walgreens, Rite Aid, and Fred's, including Mr. Bloom met with the FTC Bureau of Competition.  Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, therefore, denies such allegations.

85.    Mr. Bloom admits that representatives of Fred's met with and made a presentation to the FTC regarding why it should approve Fred's as a divestiture buyer on March 14, 2017.  Mr. Bloom denies the remaining allegations in this Paragraph.

86.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 regarding statements made by the unnamed "CW6" and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

87.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 regarding statements made by the unnamed "CW3" and "CW6"

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    18

and, therefore, denies such allegations.  Mr. Bloom denies the remaining allegations in this Paragraph.

88.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies such allegations.

89.    No response is required to Paragraph 89 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required and to the extent the allegations in Paragraph 89 purport to describe the recording of the Walgreens' April 5, 2017 earnings call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

90.    No response is required to Paragraph 90 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required and to the extent the allegations in Paragraph 90 purport to describe Walgreens' April 5, 2017 earnings call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

91.    No response is required to Paragraph 91 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

92.    No response is required to Paragraph 92 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent a response is required and to the extent the allegations in Paragraph 92 purport to describe Fred's April 6, 2017 press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

93.     No response is required to Paragraph 93 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

94.     No response is required to the alleged statement in Paragraph 94 that Fred's acquisition would be "a transformational event for our Company" by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent the remaining allegations in Paragraph 94 purport to describe the April 6, 2017 earnings call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

95.     To the extent the allegations in Paragraph 95 purport to describe the April 6, 2017 earnings call, Mr. Bloom states that the earnings call speaks for itself, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

96.     No response is required to the alleged statement that Fred's acquisition would be "a transformational event for our Company" by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent the remaining allegations in Paragraph 96 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in Paragraph 96.

97.     Mr. Bloom admits that Fred's stock price increased on April 6, 2017 and closed at $14.29 per share, but denies any implication as to causation of the increase in share price.  Mr. Bloom denies the remaining allegations in this Paragraph.

98.     No response is required in connection with the alleged misstatement in Paragraph 98 by virtue of the Court's Order granting Mr. Bloom's Motion to Dismiss with respect to this alleged misstatement.  To the extent a response is required and to the extent the allegations in

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**   20

Paragraph 98 purport to describe the April 13, 2017 10-K, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

99.    To the extent the allegations in Paragraph 99 purport to describe the April 13, 2017 10-K, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom denies the remaining allegations in this Paragraph.

100.    To the extent the allegations in Paragraph 100 call for legal conclusions, Mr. Bloom need not respond. To the extent a response is required, Mr. Bloom denies the allegations in Paragraph 100.

101.    To the extent the allegations in Paragraph 101 purport to describe the referenced Bloomberg report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith. Mr. Bloom admits that Fred's share price declined 9.1% on April 19, 2017 from the previous day and closed at $13.68, but denies any implication as to causation of this share price change. Mr. Bloom denies the remaining allegations in this Paragraph.

102.    Mr. Bloom admits that Walgreens and Rite Aid certified substantial compliance with the FTC's Second Request on May 8, 2017, but denies that Fred's did. Mr. Bloom admits that this triggered a 60-day waiting period. To the extent the allegations in Paragraph 102 purport to describe the referenced Bloomberg report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.

103.    No response is required to Paragraph 103 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss. To the extent the allegations in Paragraph 103 purport to describe a recording or transcription of May 23, 2017 statements of Pessina and Walgreens at the UBS Healthcare Conference, Mr. Bloom states that it speaks for itself, and denies

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    21

any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

104.    To the extent the allegations in Paragraph 104 purport to describe the recording of the Fred's June 6, 2017 earnings call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  To the extent the allegations in Paragraph 104 purport to describe the referenced Bloomberg report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

105.    To the extent the allegations in Paragraph 105 purport to describe the recording of the June 6, 2017 earnings call, Mr. Bloom states that it speaks for itself, and denies any allegations inconsistent therewith.  To the extent the allegations in Paragraph 105 purport to describe the referenced Bloomberg report, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom admits that Fred's share price closed at $13.60 on June 5, 2017, and $10.98 on June 12, 2017, but denies any implication as to causation of this share price change.  Mr. Bloom denies the remaining allegations in this Paragraph.

106.    To the extent the allegations in Paragraph 106 purport to describe June 29, 2017 press releases by Fred's, Walgreens, and/or Rite Aid, Mr. Bloom states that each press release speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

107.    To the extent the allegations in Paragraph 107 purport to describe the FTC's June 29, 2017 press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    22

108.    To the extent the allegations in Paragraph 108 purport to describe Rite Aid's June 29, 2017 press release, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom denies the remaining allegations in this Paragraph.

109.    Mr. Bloom admits that on June 29, 2017, a date outside of the alleged Class Period, Fred's share price declined $2.81 per share to $9.51.  Mr. Bloom admits that the share price declined over the next week, also outside of the alleged Class Period, and closed at $6.40 per share on July 6, 2017.  Mr. Bloom denies the remaining allegations in this Paragraph.

110.    Mr. Bloom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, therefore, denies such allegations.

## CLASS ACTION ALLEGATIONS

111.    To the extent the allegations in Paragraph 111 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Fred's securities between December 20, 2016 and June 28, 2017, inclusive, but specifically denies that the action has any merit.

112.    To the extent the allegations in Paragraph 112 call for legal conclusions, Mr. Bloom need not respond.  To the extent the allegations in Paragraph 112 purport to describe the April 13, 2017 Fred's 10-K, Mr. Bloom states that it speaks for itself, should be read as a whole, and denies any allegations inconsistent therewith.  Mr. Bloom otherwise denies the allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 113.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    23

114.    To the extent the allegations in Paragraph 114 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 115.

116.    To the extent the allegations in Paragraph 116 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 116.

117.    To the extent the allegations in Paragraph 117 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 117.

118.    To the extent the allegations in Paragraph 118 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 call for legal conclusions, Mr. Bloom need not respond.  Mr. Bloom otherwise denies the allegations in Paragraph 119.

<u>COUNT I</u>

**Violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5
(against all Defendants)**

120.    Mr. Bloom realleges the previous responses to each Paragraph set forth above and incorporates them herein by reference.

121.    To the extent the allegations in Paragraph 121 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom admits that Plaintiffs purport to bring the claims described in Paragraph 121, but specifically denies that the claims have any merit.  Mr. Bloom denies all remaining allegations in this Paragraph.

122.    To the extent the allegations in Paragraph 122 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

<u>BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>    24

123.    To the extent the allegations in Paragraph 123 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

124.    To the extent the allegations in Paragraph 124 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

125.    No response is required to Paragraph 125 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

126.    No response is required to Paragraph 126 with respect to Walgreens and Pessina by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent the allegations in Paragraph 126 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

127.    To the extent the allegations in Paragraph 127 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

128.    To the extent the allegations in Paragraph 128 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

129.    To the extent the allegations in Paragraph 129 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

130.    To the extent the allegations in Paragraph 130 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

## COUNT II

### Violation of Section 20(a) of the Exchange Act
### (against Bloom and Pessina)

131.    Mr. Bloom realleges the previous responses to each Paragraph set forth above and incorporates them herein by reference.

132.    To the extent the allegations in Paragraph 132 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

133.    No response is required to Paragraph 133 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

134.    To the extent the allegations in Paragraph 134 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

135.    To the extent the allegations in Paragraph 135 call for legal conclusions, Mr. Bloom need not respond.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

136.    No response is required to Paragraph 136 by virtue of the Court's Order granting the Walgreens Defendants' Motion to Dismiss.  To the extent a response is required, Mr. Bloom denies the allegations in this Paragraph.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    26

## PRAYER FOR RELIEF

Mr. Bloom denies any and all allegations contained in Plaintiffs' Prayer for Relief, and denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Mr. Bloom asserts the following affirmative defenses with respect to the causes of action alleged in the Amended Complaint, without assuming the burden of proof or persuasion where Plaintiffs carry such burden(s).  None of Mr. Bloom's affirmative defenses are intended to admit or concede any element of Plaintiffs' claims.  Mr. Bloom reserves the right to supplement these defenses as discovery progresses or in the event Plaintiffs again amend their pleadings.

## FIRST DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim against Mr. Bloom upon which relief can be granted.

## SECOND DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, if any, from a violation of federal securities laws, is limited to the percentage of responsibility of Mr. Bloom in proportion to the total fault of all persons, whether or not named as parties in this action, who caused or contributed to Plaintiffs' alleged damages, if any, pursuant to the proportionate liability provisions of the Private Securities Litigation Reform Act (the "PSLRA").

## THIRD DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the doctrine of assumption of the risk.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT    27

**FIFTH DEFENSE**

Plaintiffs' claims against Mr. Bloom are barred because any damage, loss, or injury sustained by Plaintiffs was caused by or contributed to, in whole or in part, by external market conditions, the conduct of others, other general business risks, and/or other conduct for which Mr. Bloom is not legally responsible, rather than any conduct by Mr. Bloom.

**SIXTH DEFENSE**

This action is not properly maintainable as a class action.

**SEVENTH DEFENSE**

Under principles of contribution and indemnity, persons or entities other than Mr. Bloom are wholly or partially responsible for the purported damages, if any, Plaintiffs and class members have allegedly sustained.

**EIGHTH DEFENSE**

Plaintiffs' claims and those of the putative class are barred in whole or in part because they are contradicted by documentary evidence.

**NINTH DEFENSE**

Plaintiffs' purported claims and those of the putative class are barred in whole or in part due to Plaintiffs' failure to plead any strong inference of scienter or actual knowledge with the particularity required by the PSLRA, Federal Rule of Civil Procedure 9(b), or otherwise, as well as Plaintiffs' inability to prove such state of mind on the part of Mr. Bloom and as to each alleged misstatement.

**TENTH DEFENSE**

Plaintiffs' claims and those of the putative class are barred to the extent certain purportedly material information alleged to have been omitted from Fred's public filings and other public statements is a matter of public knowledge and therefore was not required to be disclosed.

**BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**    28

## ELEVENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because Mr. Bloom had no duty of disclosure with respect to the alleged misstatements and omissions.

## TWELFTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because all statements upon which Plaintiffs purport to base their claims are true and accurate.

## THIRTEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because the information Plaintiffs claim Mr. Bloom failed to disclose was not material.

## FOURTEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because the alleged misstatements were mere puffery or were vague statements of optimism that are not actionable under the federal securities laws.

## FIFTEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because the alleged misstatements are non-actionable statements of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

## SIXTEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part because Mr. Bloom had, after reasonable investigation, grounds to believe, and did believe, at the time that all statements therein were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading.

BLOOM'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT   29

## SEVENTEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred in whole or in part by the "Bespeaks Caution Doctrine" and the "Safe Harbor" provision of the PSLRA, 15 U.S.C. § 78u-5(c), because the statements forming the basis for Plaintiffs' claims were forward-looking and accompanied by meaningful cautionary language.

## EIGHTEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred because Mr. Bloom at all times acted in good faith conformity with applicable SEC rules, regulations, and orders, and therefore is not subject to liability under the federal securities laws.

## NINETEENTH DEFENSE

Plaintiffs' claims and those of the putative class are barred because Plaintiffs fail to adequately plead reliance.

## TWENTIETH DEFENSE

Plaintiffs' claims and those of the putative class are barred because Plaintiffs did not suffer any cognizable injury or damages caused by Mr. Bloom.

Dated:  April 14, 2021

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*s/ Bradley E. Trammell*
Bradley E. Trammell (TN 13980)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone  901-577-2121
Facsimile:  901-577-2303
Email:  btrammell@bakerdonelson.com

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**

M. Scott Barnard (pro hac vice)
Texas State Bar No. 24001690
Michelle Reed (pro hac vice)
Texas State Bar No. 24041758
Lauren E. York (pro hac vice)
Texas State Bar No. 24098647
Jessica J. Mannon (pro hac vice forthcoming)
Texas State Bar. No. 24106247
Erin Peek (pro hac vice forthcoming)
Texas State Bar. No. 24116888
2300 N. Field Street, Suite 1800
Dallas, Texas  75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343
Email:  sbarnard@akingump.com
Email:  mreed@akingump.com
Email:  lyork@akingump.com
Email:  jmannon@akingump.com
Email:  epeek@akingump.com

*Counsel for Defendant Michael Bloom*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2021, I filed the foregoing document using the Court's CM/ECF filing system, which will automatically send e-mail notification of such filing to the following individual or counsel of record:

Patrick V. Dahlstrom, Esq.
Jared Matthew Schneider, Esq.
Joshua B. Silverman, Esq.
Jeremy Alan Lieberman
POMERANTZ LLP
10 South LaSalle, Suite 3505
Chicago, IL 60603
Telephone:  (312) 377-1181
Email: pdahlstrom@pomlaw.com
Email:  jschneider@pomlaw.com
Email:  jbsilverman@pomlaw.com
Email: jalieberman@pomlaw.com

Paul Kent Bramlett, Esq.
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215
Telephone:  (615) 248-2828
Email:  pknashlaw@aol.com

Peretz Bronstein, Esq.
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

James Allison Holifield, Jr., Esq.
HOLIFIELD JANICH & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Telephone:  (865) 566-0115
Email:  aholifield@hapc-law.com

*Attorneys for Plaintiff*

*Attorneys for Lead Plaintiffs*

*s/ Bradley E. Trammell*
Bradley E. Trammell