**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| THEODORE J. ZALLER, Individually and on Behalf of All Others Similarly Situated, Plaintiff, v. FRED'S, INC. and MICHAEL K. BLOOM, Defendants. | ) ) ) ) ) ) ) ) ) | No. 2:19-cv-02415-SHL-atc |

## ORDER GRANTING JOINT MOTION FOR AGREED PROTECTIVE ORDER

Before the Court is Plaintiff Theodore K. Zaller's, individually and on behalf of all others similarly situated (collectively, "Plaintiffs") and Defendant Michael K. Bloom's ("Defendant," or "Bloom" and together with Plaintiffs, the "Parties") Joint Motion for a Protective Order, (ECF No. 83), filed August 5, 2021. In support of this Order, the Parties submit that entry of the Order is necessary to protect confidential, proprietary information. The Court finds there is good cause and therefore **GRANTS** the Motion.

**IT IS THEREFORE ORDERED** that this Protective Order shall apply, which includes the Court's revisions to the Proposed Agreed Protective Order, reflecting the role of the Court in protecting the public's interest in open courts, as follows:

1. As agreed by the undersigned counsel, this Agreed Protective Order shall govern the disclosure and use of documents, testimony, written discovery responses, and other information provided in the course of the above-referenced proceeding.

2. Subject to the provisions herein, any party or non-party from whom documents, information or testimony is sought in connection with the above-referenced proceeding ("Producing Party") may designate as "Confidential Material" any document, information or

testimony that contains confidential, trade secret, or other information or material of a proprietary, business, commercial or financial nature that has been maintained, and/or is now being maintained, by the Producing Party.

## DESIGNATION OF "CONFIDENTIAL MATERIAL"

3.      Any Producing Party may in good faith designate any documents, information, or testimony (or any portion thereof) produced in this action as "Confidential Material" as follows:

(a)      in the case of documents, by marking the words "Confidential Material" or "CONFIDENTIAL" on the face of the writing and/or on each page so designated, and

(b)      in the case of testimony, either by counsel for the Producing Party making a statement on the record designating that portion of the record to be treated as Confidential Material or by sending written notice within twenty (20) business days of receipt of the transcript designating the portion of the transcript that should be treated as Confidential Material.  In either of the foregoing cases, the relevant pages of the transcript shall be stamped "Confidential Material" and the cover of the transcript shall be stamped, "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL."

4.      "Confidential Material" shall include the material so designated and all summaries, abstracts, or excerpts of such designated material.

## USE OF CONFIDENTIAL MATERIAL

5.      Except upon the prior written consent of the Producing Party, a person shall use "Confidential Material" or any summary thereof only for the prosecution, defense, appeal or settlement of this action and for no other purpose.

2

6.      Except upon the prior written consent of the Producing Party, a person shall not disclose Confidential Material or any summary thereof to any persons other than:

(a)      Counsel (outside or inside) to the Parties having responsibility for this action and their regular and temporary employees or agents assisting in the conduct of the action;

(b)      Any party hereto or the officers, directors, partners, employees, contractors or agents of any party hereto who are assisting counsel in this action and who perform functions for the Parties in connection with this action;

(c)      Experts or consultants (including their employees, associates and/or support staff) retained by a party or its counsel in connection with this action;

(d)      Witnesses at trial, hearing or deposition;

(e)      Potential witnesses/deponents provided that the potential witness/deponent already is believed in good faith to have knowledge of the Confidential Information or the Confidential Information was authored or received by the potential witness/deponent;

(f)      Stenographic reporters and videographers; and

(g)      The Court and its personnel.

7.      "Confidential Material" shall not be disclosed to the persons listed under Paragraphs 6(b), 6(c), or 6(e) unless and until such person has read this Agreed Protective Order and agreed in writing, in a form substantially similar to Exhibit A hereto, to be bound by the terms of this Agreed Protective Order.  Counsel for the respective Parties shall maintain such written agreements.

8.      Nothing in this Agreed Protective Order shall prevent any party from using or disclosing its own documents, or from a party's use or disclosure of any document or information that it shall have acquired independently of discovery.

9.      Nothing in this Agreed Protective Order shall bar or otherwise restrict any attorney from rendering services to his or her client with respect to this litigation and, in the course of rendering advice to his or her client, from generally referring to or relying upon his or her examination of "Confidential Material."

10.     In the event that a person (party or non-party) is requested or required to disclose any Confidential Material, the Producing Party will be provided prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreed Protective Order.  A person requested or required to disclose Confidential Material shall wait at least seven (7) business days after providing notice to the Producing Party before producing any Confidential Material so that the Producing Party has time to obtain an appropriate protective order or obtain other reliable assurance that confidential treatment will be accorded the Confidential Material by such tribunal, unless (1) any order from a court of law, regulatory body or other tribunal requires production of the Confidential Material in a shorter time; or (2) the Producing Party advises in writing that it is waiving the restrictions contained herein on the use of Confidential Material.

**CHALLENGE TO "CONFIDENTIAL MATERIAL" DESIGNATION**

11.     If a party objects to the designation of any "Confidential Material," the Parties shall attempt to resolve such disagreements on an informal basis by consulting in good faith, before submitting such disagreements to the Court.  In the event the Parties are unable to resolve their disagreement, the party objecting to the designation shall have the burden of moving and may

move the Court for relief from such designation.  However, the designating party bears the burden of persuasion that the designated material qualifies for such designation.  Pending resolution of the dispute over the status of the document under this Agreed Protective Order, the material being challenged shall be considered "Confidential Material" subject to the protections of this Agreed Protective Order.

12.    There shall be no obligation to challenge a "Confidential Material" designation when made, and a failure to do so shall not preclude a subsequent challenge thereto.

**OTHER MATTERS**

13.    During the course of this action, the Parties may inadvertently produce unmarked documents that are "Confidential Material."  The Parties reserve the right subsequently to assert that any document so produced is "Confidential Material."  Upon notification by the Producing Party of such documents, the Parties will thereafter treat the documents identified as "Confidential Material."

14.    Nothing in this Agreed Protective Order shall be construed in any way as a finding that the "Confidential Material" does or does not constitute or contain Confidential Material, or that any particular document, information or testimony is, or is not privileged; or that any "Confidential Material" is, or is not, admissible in evidence at the trial of this action.  Additionally, a party's compliance with the terms of this Agreed Protective Order shall not operate as an admission that any particular document or information is, or is not, privileged; or that any particular document is, or is not, admissible in evidence at the trial of this action.

15.    This Agreed Protective Order shall not affect the rights or obligations of the Parties with respect to matters not specifically provided for in this Agreed Protective Order.

16.    This Agreed Protective Order is without prejudice to the right of any interested party to apply to the Court for an order modifying or amending this Agreed Protective Order. Specifically, although the Parties do not currently contemplate the need for an "ATTORNEYS' EYES ONLY" designation for confidential material, which would further restrict access to certain information, any party may seek an amendment to this order in the future if such a designation becomes necessary.

17.    This Agreed Protective Order shall be binding on a party upon execution by counsel for that party regardless of the date it is entered with the Court.

18.    Nothing in this Protective Order shall be deemed to be a decision by the Court as to how documents and other material will be handled at the trial of this matter.

### CONCLUSION OF LITIGATION

19.    This Agreed Protective Order shall survive the termination of this action and continue in full force and effect.

20.    All documents, material or other information designated as "Confidential Material" and all copies thereof, shall be returned to either counsel for the Producing Party or the Producing Party, or such materials shall be certified in writing to have been destroyed within thirty (30) days after final disposition of this action, including the final exhaustion of any appeals thereof, provided, however, that the Parties may retain one copy of any briefs, exhibits and other papers filed with the Court and any work product that contains Confidential Material.

21.    The Parties agree to be bound by the terms of this Agreed Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to the Parties, and any violation of the Agreed Protective Order's terms shall be subject to the same sanctions and penalties as if the Agreed Protective Order had been entered by the Court.

**IT IS SO ORDERED,** this 9th day of August, 2021.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE