# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| THEODORE J. ZALLER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FRED'S, INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA and GEORGE R. FAIRWEATHER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )     No. 2:19-cv-02415-SHL-atc |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This action was brought on behalf of investors who purchased Fred's Inc. ("Fred's) securities between January 31, 2017 and June 28, 2017. (ECF No. 52.) Lead Plaintiffs[1] allege that, during this period, Fred's, Fred's Chief Executive Officer, Michael Bloom, and Walgreens Boots Alliance, Inc. and certain of its executives ("Walgreens Defendants") made false and misleading statements regarding a divestiture deal in violation of the Securities Exchange Act of 1934. (Id.)

On September 9, 2019, Fred's filed a bankruptcy petition, which automatically stayed the claims against it.[2] (ECF No. 35.) Afterward, Bloom and the Walgreens Defendants separately moved to dismiss the pending claims raised against them. (ECF Nos. 57, 58.) On March 31, 2021, the Court dismissed all claims against the Walgreens Defendants while sustaining some,

---

[1] On September 13, 2019, this Court appointed Gary Fielder, Susan Ciesla and Herbert Ciesla as Lead Plaintiffs of this action and approved their selection of counsel. (ECF No. 41.)

[2] Although Defendant Bloom is the sole active Defendant in this action, the proposed Settlement also releases claims against Fred's. (ECF No. 97-1 at PageID 1700; ECF No. 97-2 at PageID 1730.)

but not all, of the claims against Bloom. (ECF No. 73.) On November 2, 2021, Bloom and the Lead Plaintiffs participated in a full-day mediation to resolve the outstanding claims and ultimately reached a proposed settlement to resolve this action ("Settlement"). (ECF No. 96.) The terms of this Settlement are embodied in the Lead Plaintiffs' Stipulation of Settlement. (ECF No. 97-1 at PageID 1698.)

Before the Court is Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, filed January 31, 2022. (ECF No. 97.) The Court has considered the Settlement to determine whether to grant preliminary approval of the Settlement, certify a class for settlement purposes, disseminate class notice of the proposed Settlement and set a date and time for a Settlement Hearing. Upon reviewing the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

WHEREAS, Lead Plaintiffs Gary Fielder, Herbert Ciesla and Susan Ciesla ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Class; and Defendant Michael K. Bloom ("Bloom" and together with Lead Plaintiffs, the "Parties"), entered into the Stipulation of Settlement dated January 27, 2022 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the above-captioned class action pending before the Court (the "Action"); and the Court having considered the Stipulation and the exhibits thereto, and Plaintiffs' motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 14th day of March, 2022, that:

1. Capitalized terms used herein have the meanings defined in the

Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities that purchased or otherwise acquired Fred's common stock between January 31, 2017 and June 28, 2017, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are (a) Bloom, Fred's, former and current officers and directors of Fred's, as well as the immediate family members, affiliates and legal representatives, heirs, successors, or assigns of any of the above, and any entity in which any of the above has or had a controlling interest, and (b) any members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth herein and in the Mailed Notice and Preliminary Approval Order.

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the Plaintiffs' claims are typical of the claims of the Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Class; (e) questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives and their counsel, previously selected by Plaintiffs and appointed by the Court during lead plaintiff proceedings, is hereby appointed as Class Counsel.

5. The Court finds that (a) the Stipulation resulted from good faith, arm's-length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Class

Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

  6.  The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on July 5, 2022 at 9:30 a.m. for the following purposes:

  (a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

  (b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

  (c) to determine finally whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the release of the Released Claims as against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute any of the Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

  (d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

  (e) to consider any application of Class Counsel for an award of fees and reimbursement of litigation expenses, or an application for an Award to Plaintiffs;

  (f) to consider Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the

       Settlement Hearing by Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

  (g)  to rule upon such other matters as the Court may deem appropriate.

  7.  The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind.  The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded fees or expenses.

  8.  The Court approves the form, substance, and requirements of (a) the Mailed Notice, (b) the Proof of Claim, and (c) the Summary Notice, all of which are exhibits to the Stipulation.

  9.  Class Counsel has the authority to enter into the Settlement on behalf of the Class and has the authority to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

  10.  For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.  Up to $250,000 in notice and administration costs may be paid to the Claims Administrator without further order of this Court.

  11.  Within sixteen (16) calendar days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either (a) email the Mailed Notice and Proof of Claim to Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Stipulation as Exhibits A-1 and A-2 or (b) cause the Mailed Notice and Proof of Claim, substantially in the form annexed to the Stipulation as Exhibits A-1 and A-2 to be mailed, by first-class mail, postage

prepaid, to Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

12. The Claims Administrator shall provide the Mailed Notice to nominees and custodians, and such nominees and custodians shall, within ten (10) days of receipt of the Mailed Notice, either: (i) request copies of the Mailed Notice and Proof of Claim sufficient to send the Mailed Notice to all beneficial owners for whom they are nominee or custodian; or (ii) request an electronic link to Mailed Notice and Proof of Claim ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Mailed Notice and Proof of Claim to such beneficial owners. If the Claims Administrator receives an email address, it will send a Notice and Claim Link electronically. Nominees or custodians who elect to send the Mailed Notice/Proof of Claim or Notice and Claim Link to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Mailed Notice, Proof of Claim, and Notice and Claim Links shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Claims Administrator; up to $0.05 per Mailed Notice plus postage at the rate used by the Claims Administrator; or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

13. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Bloom and file with the Court proof of the mailing of the Mailed Notice and Proof of Claim as required by this Order.

14. Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Mailed Notice and Proof of Claim to be posted on the Settlement website within sixteen (16) calendar days after entry of this Order.

15. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* within ten (10) calendar days after the Mailed Notice mailing or Notice and Claim Link emailing. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Bloom and file with the Court proof of publication of the Summary Notice.

16. The forms and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

17. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

> (a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (a) electronically through the Settlement website, www.fredsincsettlement.com by 11:59 p.m. Eastern Time on June 5, 2022; or (b) at the Post Office Box indicated in the Mailed

7

Notice, postmarked no later than June 5, 2022, thirty (30) calendar days prior to the Settlement Hearing. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (i) the claim receives a confirmation notice from Strategic Claims Services for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Mailed Notice.

(b) the Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    (c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

    (d) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of the Proof of Claim, nor shall any discovery from or of Bloom, Fred's, Fred's Trust, or Fred's Liquidating Trustee be allowed on any topic.

18.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but

will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

19. Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request for exclusion shall mail it by first-class mail, postage prepaid, or otherwise deliver it, so that it is received no later than June 14, 2022 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Mailed Notice. In order to be valid, such request for exclusion (a) must clearly indicate the name and address and phone number and email contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement and Class in *Zaller v. Fred's, Inc., et al.*, Case No. 2:19-cv-02415-SHL-atc" and (b) state the date, number of shares and dollar amount of each Fred's common stock purchase or acquisition during the Class Period, and any sale transactions, as well as the number of Fred's common stock shares held by the Person as of January 31, 2017 and June 28, 2017. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale of Fred's common stock during the Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Fred's common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is

otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

20. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties (by email) as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Class will not include any Person who delivers a valid and timely request for exclusion.

21. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Class.

22. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers, and briefs to the following counsel at least twenty-one (21) days.

| To Plaintiffs: | To Defendant: |
|---|---|
| Joshua B. Silverman<br>Pomerantz LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603<br>jbsilverman@pomlaw.com | M. Scott Barnard<br>Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street<br>Suite 1800<br>Dallas, TX 75201-2481<br>sbarnard@akingump.com |

To be valid, any such objection must contain the Person's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Fred's common stock during the Class Period in order to show membership in the Class; and (3) all grounds for the objection, including any legal support known to the Class Member and/or his, her, or its counsel and a statement specifying whether the objection applies to the objector, to a specific subset of the class, or to the entire class.  Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or application for an award of fees or reimbursement of expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24. Any Settlement Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of

expenses, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

25. The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

26. All papers in support of the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of expenses shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

27. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or any application for an award of fees or reimbursement of expenses any application for an award of fees or reimbursement of expenses shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28. Bloom, his counsel, his D&O Insurer, Fred's, Fred's Trust, and Fred's Liquidating Trustee shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Lead Plaintiffs submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29. Pending final determination of whether the Settlement should be approved, all Plaintiffs and Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party

in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is canceled and terminated pursuant to the Stipulation.

30. All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

31. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Bloom, his counsel, his D&O Insurer, Fred's, Fred's Trust, and Fred's Liquidating Trustee or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as or deemed to be evidence of an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss.  Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action.  Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Plaintiffs of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

32. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall

be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to the execution date of the Stipulation, pursuant to the terms of the Stipulation.

33. The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶6 above. The Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED**, this 14th day of March, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
