**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| THEODORE J. ZALLER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FRED'S INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA, and GEORGE R. FAIRWEATHER,<br><br>　　　　　　　　　Defendants. | Case No. 2:19-cv-02415-SHL-atc<br><br>Hon. Sheryl H. Lipman<br>Hon. Annie T. Christoff<br><br><br>**CLASS ACTION** |

**LEAD PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF (1) MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) MOTION FOR
ATTORNEYS' FEES AND EXPENSES**

# TABLE OF CONTENTS

**Page**

I.    The Absence of Objections or Exclusions Strongly Supports Final Approval....................1

II.   Conclusion ...........................................................................................................................3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Regions Morgan Keegan Sec., Derivative, & ERISA Litig.*,
　No. 07-2784, 2016 WL 8290089 (W.D. Tenn. Aug. 2, 2016)....................................................2

*In re Se. Milk Antitrust Litig.*,
　No. 2:07-CV-208, 2012 WL 2236692 (E.D. Tenn. June 15, 2012)...........................................2

*International Union v. General Motors Corp.*,
　497 F.3d 615 (6th Cir. 2007) ....................................................................................................1

*Johnson v. W2007 Grace Acquisition I, Inc.*,
　No. 13-2777, 2015 WL 12001269 (W.D. Tenn. Dec. 4, 2015) ............................................1, 2

*Kogan v. AIMCO Fox Chase, L.P.*,
　193 F.R.D. 496 (E.D. Mich. 2000) ............................................................................................2

Lead Plaintiffs Gary Fielder, Herbert Ciesla, and Susan Ciesla ("Lead Plaintiffs" or "Plaintiffs"), respectively submit this Reply Memorandum in support of:

(1)    Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Final Approval Motion") (ECF No. 101); and

(2)    Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Awards for Plaintiffs ("Fee Motion") (ECF No. 102).

This Reply is supported by the Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Mailed Notice and Claim Form; and (B) Report on Requests for Exclusion and Objections ("Supp. Craig Decl."), attached as Exhibit A.

The Court-ordered deadline for Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, plan of allocation, proposed attorneys' fees and expenses, or proposed compensatory awards to Plaintiffs, lapsed on **June 14, 2022**. As of this filing, ***no Class Member has objected to any aspect of the Settlement or proposed awards, or excluded themselves from the Settlement***. Accordingly, the reaction of the Class Members to the proposed Settlement, plan of allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Plaintiffs strongly supports entering the Proposed Order of Final Judgment.[1]

## I.    The Absence of Objections or Exclusions Strongly Supports Final Approval

It has long been held that the reaction of the class to the proposed settlement is an important factor in evaluating the fairness of the settlement. *See, e.g.*, *International Union v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Johnson v. W2007 Grace Acquisition*

---

[1] Attached as Exhibit B is a revised Proposed Order for final approval of the Settlement ("Revised Proposed Order and Final Judgment") that reflects in ¶¶4, 6 the lack of objections and exclusions, but is otherwise identical to the proposed order and final judgment previously submitted as to the court by Bloom's Counsel, Bradley E. Trammell, via e-mail on June 15, 2022.

*I, Inc.*, No. 13-2777, 2015 WL 12001269, at *8 (W.D. Tenn. Dec. 4, 2015). Here, after completing a robust notice program that included disseminating notice of the settlement to 8,800 potential Class Members, publishing summary notice on a widely-distributed, business-oriented newswire, and hosting a comprehensive settlement website containing all notice and settlement-related materials, not a single Class Member has raised any objection to any portion of the Settlement, the Plan of Allocation, request for an award of attorneys' fees and expenses, or the request for compensatory awards to Plaintiffs. *See* Suppl. Craig Decl. at ¶¶2-8.

The lack of objections or exclusions is strong evidence of the fairness, reasonableness, and adequacy of the settlement. *See, e.g.*, *See In re Regions Morgan Keegan Sec., Derivative, & ERISA Litig.*, No. 07-2784, 2016 WL 8290089, at *6 (W.D. Tenn. Aug. 2, 2016) (holding that there was a favorable class reaction when no class members objected to the class settlement and only seven class members excluded themselves from the class); *In re Se. Milk Antitrust Litig.*, No. 2:07-CV-208, 2012 WL 2236692, at *4 (E.D. Tenn. June 15, 2012) (holding that the lack of objections – only one in the action – "in relation to the size of the class also highlights the fairness of the settlements to unnamed class members and supports approval of the settlement"); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502 (E.D. Mich. 2000) ("[T]he Court considers the fact that not one class member objected to the settlement agreement to be most persuasive.").

That no Class Member objected to the proposed fee request, expense reimbursement request, or compensatory award to Plaintiffs—all of which were fully disclosed in the Notice—likewise supports those requests. *See In re Se. Milk Antitrust Litig.*, 2013 WL 2155387, at *3 ("The overall value of the settlement to the class is further illustrated by the relative lack of objections from class members to the requested fees). Here, there were no

2

objections or exclusions at all, a reaction that strongly favors granting both the Final Approval

Motion and the Fee Motion.

## II.    Conclusion

Accordingly, for all of the foregoing reasons, and in the Final Approval Motion and Fee

Motion, the Court should enter the Proposed Final Judgment and Order of dismissal with Prejudice

attached as Exhibit B.

Dated: June 28, 2022

/s/ Joshua B. Silverman

POMERANTZ LLP
Joshua B. Silverman (IARDC # 6238108)
     (admitted *pro hac vice*)
Patrick V. Dahlstrom
     (admitted *pro hac vice*)
Christopher P.T. Tourek
     (admitted *pro hac vice*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Email: jbsilverman@pomlaw.com
        pdahlstrom@pomlaw.com
        ctourek@pomlaw.com

*Lead Counsel for Plaintiffs and the Class*

HOLIFIELD JANICH & FERRERA, PLLC
Al Holifield
Sarah R. Johnson
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Telephone: (865) 566-0115
Email: aholifield@hapc-law.com

*Liaison Counsel for Plaintiffs and the Class*

THE SCHALL LAW FIRM
Brian Schall, Esq.
Rina Restaino, Esq.

3

1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
        rina@schallfirm.com

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

Joshua M. Lifshitz
Lifshitz Law Firm, P.C.
1190 Broadway
Hewlett, NY 11557
Tel: 516-493-9780
Fax: 516-280-7376
Email: jml@jlclasslaw.com


*Additional Counsel for Plaintiffs and the Class*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 28, 2022, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

**POMERANTZ LLP**

By: */s/ Joshua B. Silverman*
Joshua B. Silverman

*Lead Counsel*

5