# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| THEODORE J. ZALLER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:19-cv-02415-SHL-dkv |
| FRED'S, INC., MICHAEL K. BLOOM, WALGREENS BOOTS ALLIANCE, INC., STEFANO PESSINA and GEORGE R. FAIRWEATHER, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This action was brought on behalf of investors who purchased Fred's Inc. ("Fred's) securities between January 31, 2017 and June 28, 2017. (ECF No. 52.) On December 30, 2021, after several years of litigation, the Parties reached an agreement to resolve this matter. (ECF No. 96.) On January 31, 2022, Lead Plaintiffs, Gary Fiedler, Herbert Ciesla and Susan Ciesla, filed the Parties' Stipulation of Settlement, which outlined the terms of their agreement. (ECF No. 97.) The Court preliminarily approved the Stipulation of Settlement on March 14, 2022. (ECF No. 99.)

On July 5, 2022, the Court held a hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated January 27, 2022 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class in this Action, including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate

the Net Settlement Fund among Class Members; (4) whether and in what amount to award attorneys' fees to Class Counsel; (5) whether and in what amount to award Class Counsel reimbursement of litigation expenses; and (6) whether and in what amount to award compensation to Lead Plaintiffs.

The Court having considered all matters and materials submitted to it at the hearing and otherwise; and it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated March 14, 2022 ("Preliminary Approval Order") was published; the Mailed Notice and Proof of Claim were mailed or emailed to all reasonably identifiable Class Members, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

   (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable;

   (b) there are questions of law and fact common to the Class;

2

(c)  the claims of Plaintiffs are typical of the claims of the Class they seek to represent;

(d)  Plaintiffs and Class Counsel fairly and adequately represent the interests of the Class;

(e)  questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

(f)  a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

    i.  the interests of Class Members in individually controlling the prosecution of the separate actions;

    ii.  the extent and nature of any litigation concerning the controversy already commenced by Class Members;

    iii.  the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv.  the difficulties likely to be encountered in the management of the class action.

The Class is being certified for settlement purposes only.

4.  The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons and entities that purchased or otherwise acquired Fred's common stock between January 31, 2017 and June 28, 2017, inclusive (the "Class Period"), and who were damaged thereby.  Excluded from the Class are Bloom, Fred's, former and current officers and directors of

Fred's, as well as the immediate family members, affiliates and legal representatives, heirs, successors, or assigns of any of the above, and any entity in which any of the above has or had a controlling interest.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Class and Class Counsel previously selected by them and appointed by the Court is hereby appointed as counsel for the Class.

6.  In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

7.  The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class. This Court further finds

that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Class Members, and Bloom. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Bloom, Fred's, and the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. The Court orders:

(a) In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of the Released Claims by any Person against any of the Released Parties (other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii)), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, any Person is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Plaintiffs, the Class or a Class Member against any Person for loss for which such Person and any Released Parties are found to be jointly responsible shall be reduced by the greater of (i) an amount that corresponds to the total amount of the Bloom's percentage of responsibility for the loss to the Plaintiffs, the Class, or Class Member, or (ii) the Settlement Amount.

(b) (i) Any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any of the

Released Parties arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to Plaintiffs, the Class or any Class Member, including any claim in which a Person seeks to recover from any of the Released Parties any amounts such Person has or might become liable to pay to Plaintiffs or the Class, or any Class Member; and (ii) the Released Parties are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any and all other Persons arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury arises from the Released Parties' alleged liability to Plaintiffs, the Class or any Class Member, including any claim in which any Released Parties seek to recover from that Person any amounts it has or might become liable to pay to Plaintiffs, the Class, or any Class Member, except as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) (collectively, the "Complete Bar Order"). All such claims are hereby extinguished, discharged, satisfied, and unenforceable. The provisions of the Complete Bar Order are intended to preclude any liability of any of the Released Parties to any other Person and of any other Person to the Released Parties for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the

6

alleged injury to such Person arises from that Person's alleged liability to the Plaintiffs, the Class, or any Class Member.

(c)     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

(d)     Notwithstanding the Complete Bar Order or anything else in the Stipulation, nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

10.     Plaintiffs and Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Plaintiffs' Released Claims against the Released Parties. Plaintiffs and Class Members shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Plaintiffs' Released Claims in any forum and in any capacity. Plaintiffs and Class Members shall be and hereby are permanently barred and enjoined from asserting, commencing,

prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Plaintiffs' Released Claim, in any capacity, against any of the Released Parties. Bloom, on behalf of himself, his successors and assigns, and any other Person claiming (now or in the future) through or on behalf of him, similarly releases and is permanently barred and enjoined from pursuing Defendant's Released Claims against the Released Parties.  Nothing contained herein shall, however, bar Plaintiffs or Bloom from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

11. The Court hereby finds that the proposed Plan of Allocation, which provides that each Authorized Claimant will receive their pro rata share of their Recognized Loss depending on when the share was purchased and sold, is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

12. The Court awards fees to Class Counsel in the amount of $2,416,333, and reimbursement of expenses to Class Counsel in the amount of $80,131.27, all to be paid from the Settlement Fund.  The Court also awards Class Counsel the interest that has accumulated from the Settlement Fund while it was held in the Escrow Account since the date of the Court's preliminary approval of the Stipulation of Settlement on March 14, 2022.  Class Counsel shall be solely responsible for allocating the attorneys' fees and expenses among itself, liaison counsel, and any other additional plaintiffs' counsel in the manner in which Class Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of

the Action. The Court also awards each Lead Plaintiff a compensatory award in the amount of $5,000, also to be paid from the Settlement Fund.

13. The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them:

    (a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Plaintiffs' Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Bloom, the Released Parties, or each or any of them;

    (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Bloom or the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

    (c) is or may be deemed to be or shall be used, offered, or received against Plaintiffs, Bloom, or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or

9

falsity of any fact alleged by the Plaintiffs or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Plaintiffs, Bloom, or the Released Parties, or each or any of them, that any of Plaintiffs' claims or Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

15. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

16. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

17. Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation,

effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

18. Without further order of the Court, Bloom and Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The finality of this Order and Final Judgment is not contingent on rulings that the Court may make on any application in the Action for fees or expenses to Class Counsel, or compensatory awards to Lead Plaintiffs.

20. If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to January 27, 2022, pursuant to the terms of the Stipulation.

**IT IS SO ORDERED,** this 6th day of July, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
